1
2
3
4
5
6
7
8       **IN THE UNITED STATES DISTRICT COURT**

9      **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11 KENNETH D. CARMONY,             No. CIV S-10-0874-MCE-CMK

12          Plaintiff,

13      vs.                    <u>ORDER</u>

14 VIRGIL AKINS,

15          Defendant.

16 _____/

17       Plaintiff, a former state prisoner proceeding pro se, brings this action purportedly

18 pursuant to 42 U.S.C. § 1983.  Pending before the court is plaintiff's complaint (Doc. 1).

19       The court is required to screen complaints brought by prisoners seeking relief

20 against a governmental entity or officer or employee of a governmental entity.  <u>See</u> 28 U.S.C.

21 § 1915A(a).  The court is also required to screen complaints brought by litigants who have been

22 granted leave to proceed in forma pauperis.  <u>See</u> 28 U.S.C. § 1915(e)(2).  Under these screening

23 provisions, the court must dismiss a complaint or portion thereof if it: (1) is frivolous or

24 malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief

25 from a defendant who is immune from such relief.  <u>See</u> 28 U.S.C. §§ 1915(e)(2)(A), (B) and

26 1915A(b)(1), (2).  Moreover, pursuant to Federal Rule of Civil Procedure 12(h), this court must

1

1  dismiss an action "[w]henever it appears . . . that the court lacks jurisdiction of the subject matter

2  . . . ."  Because plaintiff, who is not a prisoner, has been granted leave to proceed in forma

3  pauperis, the court will screen the complaint pursuant to § 1915(e)(2).  Pursuant to Rule 12(h),

4  the court will also consider as a threshold matter whether it has subject-matter jurisdiction. xxx

5          The Federal Rules of Civil Procedure require that complaints contain a " short and

6  plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P.

7  8(a)(2).  This means that claims must be stated simply, concisely, and directly.  See McHenry v.

8  Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are

9  satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds

10 upon which it rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because plaintiff

11 must allege with at least some degree of particularity overt acts by specific defendants which

12 support the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it

13 is impossible for the court to conduct the screening required by law when the allegations are

14 vague and conclusory.

15                              **I. PLAINTIFF'S ALLEGATIONS**

16          Plaintiff's claims are unclear.  His complaint begins on a standard prisoner civil

17 rights form, but then changes to a petition for writ of habeas corpus, pursuant to 28 U.S.C. §

18 2254.  Thus, it is unclear if plaintiff is attempting to challenge his conviction, for which he

19 provides some information, or a violation of his civil rights.  As more allegations are included

20 regarding his alleged civil rights action,  the court will assume he is actually attempting to file a

21 civil rights action.  If, however, plaintiff is actually attempting to challenge his conviction, he

22 will need to file an appropriate petition providing the grounds for relief he seeks.

23          To the extent plaintiff's complaint is his attempt to address an alleged violation of

24 his civil rights, plaintiff's complaint is insufficient.  He alleges he is being denied his land

25 property rights by Dr. Virgil Akins and the Bureau of Indian Affairs.  It appears the land in

26 question is on an Indian reservation, and the land belongs to his mother.  He claims he had

1    permission from his mother to reside on the property, but was evicted.  He states the defendants

2    are liable for his unlawful eviction and denial of access to his property and land.   The only

3    defendants plaintiff names are Dr. Virgil Akins, who appears to be a Bureau of Indian Affairs

4    (BIA) employee, and the BIA itself.

5                                    **II.  DISCUSSION**

6              Section 1983 provides that "[e]very person who, under color of any statute,

7    ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia,

8    subjects, or causes to be subjected, any citizen of the United States or other person within the

9    jurisdiction thereof to the deprivation of any rights, privileges, or immunity secured by the

10   Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or

11   other proper proceeding for redress . . . ." 42 U.S.C. § 1983.  "Traditionally, the requirements for

12   relief under [§] 1983 have been articulated as (1) a violation of rights protected by the

13   Constitution or created by federal statute, (2) proximately caused (3) by conduct of a 'person' (4)

14   acting under color of state law." Crumpton v. Gates, 947 F.2d 1418, 1420 (9th Cir. 1991).

15   Generally, plaintiffs are required to "plead that (1) the defendants acting under color of state law

16   (2) deprived plaintiffs of rights secured by the Constitution or federal statutes." Gibson v. United

17   States, 781 F.2d 1334, 1338 (9th Cir. 1986); see also WMX Techs., Inc. v. Miller, 197 F.3d 367,

18   372 (9th Cir. 1999) (en banc).  Public defenders, acting as an advocate for their client, are not

19   acting under color of state law for § 1983 purposes.  See Georgia v. McCollum, 505 U.S. 42, 53

20   (1992); Polk County v. Dodson, 454 U.S. 312, 320-25 (1981).

21             Plaintiff's complaint does not name any defendant who could be considered a

22   state actor.  Rather, the defendant's plaintiff names appear to be a federal agent and agency.

23   Thus, it is possible that plaintiff is attempting to bring an action pursuant to Bivens v. Six

24   Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).  In Bivens, the

25   Supreme Court recognized a claim against federal officials who participated directly in an alleged

26   constitutional violation.  This type of action is against the federal official in his or her individual

1  capacity, not against an official in his or her official capacity or against a federal agency.  See

2  FDIC v. Meyer, 510 U.S. 471, 485-86 (1994).  Bivens creates a cause of action only against

3  federal officials who participated directly in the claimed constitutional violation, and the doctrine

4  of *respondeat superior* cannot be invoked to support such a cause of action.  See Bibeau v.

5  Pacific Nw. Research Found. Inc., 188 F.3d 1105, 1114 (9th Cir.1999) (citing Terrell v. Brewer,

6  935 F.2d 1015, 1018 (9th Cir.1991)).

7          Plaintiff's complaint appears to claim that he was deprived of his property without

8  proper due process of law, in violation of his rights under the Fifth Amendment.

9          The Due Process Clause of the Fifth Amendment guarantees that "[n]o person

10  shall . . . be deprived of life, liberty, or property, without due process of law."  In order to prevail

11  on a claim of deprivation of due process, a plaintiff must first establish the existence of a liberty

12  or property interest for which the protection is sought; it then has to be decided "what procedures

13  constitute 'due process of law.'"  Ingraham v. Wright, 430 U.S. 651, 672 (1977) (citations

14  omitted); see also Bd. of Regents v. Roth, 408 U.S. 564, 569-70 (1972).  Due process protects

15  against the deprivation of property where there is a legitimate claim of entitlement to the

16  property.  See Bd. of Regents, 408 U.S. at 577.  Protected property interests are created, and their

17  dimensions are defined, by existing rules that stem from an independent source – such as state

18  law – and which secure certain benefits and support claims of entitlement to those benefits.  See

19  id.

20          It is well settled that "some form of hearing is required before an individual is

21  finally deprived of a property interest."  Mathews v. Eldridge, 424 U.S. 319, 333 (1976) (citing

22  Wolff v. McDonnell, 418 U.S. 539, 557-58 (1974)).  While "'[d]ue process is flexible and calls

23  for such procedural protections as the particular situation demands,'" "[t]he fundamental

24  requirement of due process is the opportunity to be heard 'at a meaningful time and in a

25  meaningful manner.'"  Id. (quoting Morrissey v. Brewer, 408 U.S. 471, 481 (1972); Armstrong v.

26  Manzo, 380 U.S. 545, 552 (1965)).  However, there can be circumstances "that justifies

4

postponing the hearing until after the event." Boddie v. Connecticut, 401 U.S. 371, 378-79

(1971).  "A predeprivation hearing may be postponed 'where some valid governmental interest

is at stake.'" First Nat. Bank & Trust v. Dep't of Treasury, 63 F.3d 894, 896 (9th Cir. 1995)

(quoting U.S. v. James Daniel Good Real Prop., 510 U.S. 43, 53 (1993)).

To determine whether a predeprivation hearing is required, a balancing of three

factors is required: "First, the private interest that will be affected by the official action; second

the risk of erroneous deprivation of such interest through the procedures used, and the probable

value, if any, of additional or substitute procedural safeguards; and finally, the Government's

interest, including the function involved and the fiscal and administrative burdens that the

additional or substitute procedural requirement would entail." Mathews, 424 U.S. at 335.

Here, plaintiff appears to allege that he was deprived of his property through some

sort of eviction process.  What process was used, or was not used, is not clear based on the facts

alleged in the complaint.  This case is further complicated by the appearance that the property

plaintiff was deprived of was tribal land belonging to his mother.  If that is the situation, it would

not appear that plaintiff has any claim to the land.  In addition, the defendants named do not

appear to be the individuals actually involved in the alleged due process violation, nor do they

appear to have been involved in the property deprivation.   Rather, it appears that plaintiff filed a

complaint with the defendants, who addressed plaintiff's concern.

To state a claim for violation of his constitutional rights, plaintiff must allege an

actual connection or link between the actions of the named defendants and the alleged

deprivations.  See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423

U.S. 362 (1976).  "A person 'subjects' another to the deprivation of a constitutional right . . . if

he does an affirmative act, participates in another's affirmative acts, or omits to perform an act

which he is legally required to do that causes the deprivation of which complaint is made."

Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Vague and conclusory allegations

concerning the involvement of official personnel in civil rights violations are not sufficient.  See

1   Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).  Rather, the plaintiff must set forth

2   specific facts as to each individual defendant's causal role in the alleged constitutional

3   deprivation.  See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).  The Supreme Court has

4   rejected the notion that a supervisory defendant can be liable based on knowledge and

5   acquiescence in a subordinate's unconstitutional conduct because government officials,

6   regardless of their title, can only be held liable under § 1983 for his or her own conduct and not

7   the conduct of others.  See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "[A] plaintiff must

8   plead that each Government-official defendant, through the official's own individual actions, has

9   violated the constitution." Id. at 1948.

10                              **III.  CONCLUSION**

11          Because it is possible that the deficiencies identified in this order may be cured by

12   amending the complaint, plaintiff is entitled to leave to amend prior to dismissal of the entire

13   action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).  Plaintiff is

14   informed that, as a general rule, an amended complaint supersedes the original complaint.  See

15   Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  Thus, following dismissal with leave to

16   amend, all claims alleged in the original complaint which are not alleged in the amended

17   complaint are waived.  See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).  Therefore, if

18   plaintiff amends the complaint, the court cannot refer to the prior pleading in order to make

19   plaintiff's amended complaint complete.  See Local Rule 15-220.  An amended complaint must

20   be complete in itself without reference to any prior pleading.  See id.

21          If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the

22   conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See

23   Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how

24   each named defendant is involved, and must set forth some affirmative link or connection

25   between each defendant's actions and the claimed deprivation.  See May v. Enomoto, 633 F.2d

26   164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

1           If plaintiff is in fact attempting to challenge his conviction and not the deprivation

2    of his property, he is required to file a new petition for writ of habeas corpus wherein he states

3    his claims for relief without reference to the property deprivation.

4           Finally, plaintiff is warned that failure to file an amended complaint within the

5    time provided in this order may be grounds for dismissal of this action.  See Ferdik, 963 F.2d at

6    1260-61; see also Local Rule 110.  Plaintiff is also warned that a complaint which fails to comply

7    with Rule 8 may, in the court's discretion, be dismissed with prejudice pursuant to Rule 41(b).

8    See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

9           Accordingly, IT IS HEREBY ORDERED that:

10          1.    Plaintiff's complaint is dismissed with leave to amend; and

11          2.    Plaintiff shall file an  amended complaint within 30 days of the date of

12   service of this order.

13

14    DATED:  May 10, 2011

15

16                       **CRAIG M. KELLISON**

                    UNITED STATES MAGISTRATE JUDGE

17

18

19

20

21

22

23

24

25

26